UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                      15-cr-643 (PKC)

        -against-

                                                                       ORDER

JASON GALANIS, et al.

                                Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        It is undisputed that Lawrence Share is a victim of the crimes resulting in a final order of restitution in this case. An Order of restitution was entered against Jason Galanis in the amount of $80,817,513.43 on November 4, 2020. (Doc 561.) Of this amount, restitution in favor of Mr Share was ordered in the amount of $1,763,835.73. (Doc. 571 at 2.) Unfortunately, little or nothing of this amount has been paid to Mr. Share.

        The United States Attorney's Office ("USAO") for this district has made application to the main Department of Justice ("DOJ") to apply funds received by the government in forfeiture to pay victims through a discretionary process referred to as "restoration."[1] The application was made in February 2021, the USAO has received follow up inquiries from the DOJ but no determination has been made by the DOJ. Mr. Share cites no authority for the proposition that a victim, as of right, may compel the government to apply funds lawfully forfeited to the government to pay a defendant's unsatisfied restitution obligation.

---

[1] Mr. Share makes much of the fact that efforts by the government to obtain forfeitable funds from the property described in the final order of forfeiture as $2.2 million from the sale of a Bel Air Road home and $11 million from the sale of a New York apartment have yielded little. He does not dispute that this is in part due to the mortgage and

Mr. Share who has retained counsel since entry of the restitution order in this case seeks attorneys' fees for his lawyer's time in endeavoring to secure collection of the restitution amounts "not only in support of his claim but the claims of all victims." (Doc 572.) The amount is described by Mr. Share's lawyer as "thousands of dollars." (Doc. 568.) The statute on which Mr. Share relies provides that the "order of restitution shall require that such defendant—in any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(a)(4). Notably, no request for inclusion of any expense was sought prior to entry of the order of restitution in this case and no appeal was taken. [2] Indeed, there is no claim that Mr. Share had retained counsel prior to the order of restitution. Also, while attorneys' fees may qualify as a "necessary . . . other expense," they are not "expenses" owed by the government to the victim but owed by the defendant against whom the order of restitution was entered.

The application of Mr. Share is DENIED. The USAO shall inform Mr. Share of the outcome of the application to the DOJ regarding the "restoration" process.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
August 12, 2021

---

dues outstanding on the New York apartment exceeding $8.9 million. In any event, Mr. Share claims no rights arising under the Court's Final Order of Forfeiture. (Nov. 20, 2020; Doc. 566.)

[2] To the extent that Mr. Share seeks to belatedly amend the order of restitution, months after entry, to include unspecified amounts of attorneys' fees incurred in his failed efforts to collect on the order of restitution, the application is denied.